# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | |
|---|---|
| **CHRISTOPHER BRECKEEN** | **CIVIL ACTION NO.:** |
| **VERSUS** | **JUDGE:** |
| **EDDIE SOILEAU, individually and in his official capacity as the Sheriff of Evangeline Parish, and DUANE JORDAN individually in his official capacity as a Deputy Sheriff for Evangeline Parish** | **MAGISTRATE:**<br><br>**JURY DEMANDED** |

## COMPLAINT FOR DAMAGES

TO THE HONORABLE, THE UNITED STATES DISTRICT COURT IN AND FOR THE WESTERN DISTRICT OF LOUISIANA:

### INTRODUCTION

This is an action for money damages brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Fourth and Fourteenth Amendments to the United States Constitution, the Louisiana Constitution and under the laws of Louisiana against the Eddie Soileau, individually and in his official capacity as the Sheriff of Evangeline Parish and Duane Jordan, individually and in his official capacity as a Deputy Sheriff of Evangeline Parish.

### JURISDICTION

1.

Jurisdiction is founded on 28 U.S.C. § 1331. The plaintiff further invokes jurisdiction of this Honorable Court, under 28 U.S.C. § 1367 to adjudicate claims arising under the Laws of the State of Louisiana including but not limited to Article 2315, et seq, of the Louisiana Civil Code.

1

**VENUE**

2.

Venue lies in this Court under 28 USC § 1391(b) (2), as the events giving rise to this claim occurred within this judicial district.

**PARTIES**

3.

Complainant, **CHRISTOPHER BRECKEEN,** is a person of the full age of majority and a resident of Ellis County, Texas.

4.

Made defendants herein are the following:

(1)   **EDDIE SOILEAU,** upon information and belief, a person of full age of majority and a resident of the Parish of Evangeline, State of Louisiana sued individually and in his official capacity as the Sheriff of Evangeline, who can be served at his place of employment, the Evangeline Parish Sheriff's Office, at 200 Court Street, Ville Platte, Louisiana. He is and was at all pertinent times the Sheriff for the Parish of Evangeline and as such was Evangeline Parish's policymaker and/or decisionmaker regarding law enforcement training, supervision, rules and procedures. He also at all pertinent times acted as supervisor to all other Evangeline Parish Sheriff's Office named defendants, all of whom were at all pertinent times his subordinates; and

(2)   **DUANE JORDAN,** upon information and belief, a person of full age of majority and a resident of the Parish of Evangeline, State of Louisiana sued individually and in his official capacity as a Deputy Sheriff of Evangeline Parish, who can be served at his place of employment, the Evangeline Parish Sheriff's Office, at 200 Court Street, Ville Platte, Louisiana. He was at all pertinent times a Deputy Sheriff of Evangeline Parish employed by the Evangeline Parish Sheriff's Office and was at all pertinent times acting under color of state law in performance of his duties as an Evangeline Parish Deputy Sheriff.

5.

At all times relevant hereinafter mentioned, the individual Defendants were personally acting under the color of state law and/or in in compliance with the official rules, regulations,

2

laws, statutes, customs, usages and/or practices of the State of Louisiana and/or the Parish of Evangeline.

6.

Each and all the acts of the individual Defendants alleged herein were committed by said Defendants while acting within the scope of their employment with the Parish of Evangeline, and were done knowingly, recklessly, intentionally, wantonly, callously, and/or with deliberate indifference and/or gross negligence.

7.

At all times relevant hereinafter mentioned, Eddie Soileau was the Sheriff for the Evangeline Parish and the final policy maker with regards to the law enforcement activities in Evangeline Parish.

8.

The right of jury trial is herein requested under the Federal Rules of Civil Procedure.

**FACTS**

9.

On or about November 7, 2017 Christopher Breckeen was arrested by the Waxahachie Police Department in Texas on an active arrest warrant for theft issued on or about February 19, 2016 from the 13th Judicial District Court, Parish of Evangeline, State of Louisiana.

10.

Following his arrest on or about November 7, 2017 Christopher Breckeen was extradited back to Louisiana and booked into the Evangeline Parish jail on or about November 29, 2017.

11.

The affidavit prepared for the issuance of the arrest warrant was completed and submitted by Duane Jorden on or about February 19, 2016.

12.

The affidavit prepared by Duane Jorden on or about February 19, 2016 contains misleading and incorrect information.

13.

The affidavit prepared by Duane Jorden on or about February 19, 2016 falsely alleges that Christopher Breckeen fit the description of the suspect of a theft committed on or about August 10, 2015.

14.

The affidavit prepared by Duane Jorden on or about February 19, 2016 alleges that a GPS equipped backhoe used in a theft committed on or about August 10, 2015 stopped at Breckeen's residence for a period of time, however, doesn't detail other places where the backhoe stopped according to the GPS.

15.

Further, the affidavit prepared by Duane Jorden on or about February 19, 2016 deliberately does not indicate that Christopher Breckeen was no longer living at 2282 Deculus Road, Mamou, Louisiana on or about August 10, 2015.

16.

Duane Jorden deliberately and intentionally misrepresented information contained in his affidavit in support of an arrest warrant for Christopher Breckeen in an effort to establish the existence of probable cause where known existed.

17.

The detention and/or arrested Christopher Breckeen was without lawful basis.

18.

The actions of the Evangeline Parish Sheriff employees constitute harassment against Mr. Barra.

19.

There is a well-documented history of Sheriff Eddie Soleau's failure to train, supervise, investigate, discipline and downright condone civil rights violations of others.

20.

The United States Department of Justice concluded an investigation into the office of the Evangeline Parish Sheriff on or about December 19, 2016 which specifically dealt with civil rights violations committed by members of the Evangeline Parish Sheriff's Office.

21.

Eddie Soleau, individually and in his official capacity as the Sheriff of Evangeline Parish and as the final policymaker for the staff of the Evangeline Parish Sheriff's Office, established a custom, pattern and practice which included civil rights violations, harassment of citizens and failure to investigate allegations of police officer misconduct.

22.

As a direct and proximate result of the said incidents by the defendants, plaintiff, Christopher Breckeen, suffered the following injuries and damages; including but not limited to:

(a)      Unlawful arrest;

(b)      Pain and suffering;

(c)      Mental anguish, and emotional pain and suffering;

(d)      Attorney's fees pursuant to 42 U.S.C. § 1988;

(e)      Punitive damages against Duane Jorden in his personal capacity; and

(g)      Punitive damages against Eddie Soileau in his personal capacity.

23.

The actions of the defendants violated the following, clearly established and well-settled federal and state constitutional rights of Christopher Breckeen to be:

(a) Free from unlawful arrest, detention and seizures.

**COUNT ONE:**

**Unlawful Arrest or Detention -  42 U.S.C. § 1983 and the Fourth Amendment**

24.

Plaintiff incorporates by reference all allegations in the foregoing paragraphs.

25.

The Fourth Amendment to the U.S. Constitution protects an individual's right to be free from unreasonable seizures.

26.

Defendant Duane Jorden, under the supervision of Sheriff Eddie Soileau, and at his behest, and in accordance with the policies of the Evangeline Parish Sheriff, cause Christopher

Breckeen to be arrested and/or detained without probable cause of any criminal wrongdoing as described in the foregoing paragraphs.

27.

If it was a detention that occurred, the detention was objectively unreasonable under the circumstances and was not based on reasonable suspicion supported by articulable facts that criminal activity was occurring.

28.

If an arrest occurred, it was objectively unreasonable under the circumstances and was not based on probable cause.

29.

Officer Jorden's actions violated Christopher Breckeen's clearly established constitutional rights. At all times relevant, Officer Jorden acted under color of state law and is liable pursuant to 42 U.S.C. § 1983. Officer Jorden's actions were intentional, malicious, and reckless and showed a callous disregard for Christopher Breckeen's rights.

30.

Plaintiff suffered harm as a result of these actions.

31.

Officer Jorden's actions directly and proximately caused Christopher Breckeen to suffer significant injuries. Accordingly, Officer Jorden is liable to Christopher Breckeen for compensatory and exemplary/punitive damages.

**COUNT TWO:**

**Abuse of Process - 42 U.S.C. § 1983 and the Fourth Amendment**

32.

Plaintiff incorporates by reference all allegations in the foregoing paragraphs.

33.

Defendants engaged in the extortionate perversion of lawfully initiated process to illegitimate ends in that they procured a prosecution against Plaintiff knowing he is innocent of the charged crime. They initiated the charges to somehow justify their own unlawful actions.

34.

Specifically, Duane Jorden, under the direct supervision of Eddie Soileau and at his behest, and in accordance with the policies of the Evangeline Parish Sheriff, charged Plaintiff with a crime of which they know he is innocent and they only did so to justify their actions and to punish him.

35.

Plaintiff suffered harm as a result.

**COUNT THREE:**

**Malicious Prosecution - 42 U.S.C. § 1983 and the Fourth Amendment**

36.

Plaintiff incorporates by reference all allegations in the foregoing paragraphs.

37.

Plaintiff was falsely criminally charged by Christopher Breckeen, under the direct supervision of Eddie Soileau, and at his behest, and in accordance with the policies of the Evangeline Parish Sheriff, despite the fact that there was no probable cause that the plaintiff was engaging in criminal wrongdoing or that he committed a criminal offense.

38.

A criminal proceeding was commenced against the plaintiff.

39.

The defendant initiated or procured the proceeding.

40.

The plaintiff was innocent of the crime charged.

41.

The defendant lacked probable cause to initiate the criminal proceeding.

42.

The defendant acted with malice.

43.

Plaintiff suffered harm as a result.

**COUNT FOUR:**

*Monell* **Liability**

44.

Plaintiff incorporates by reference all allegations in the foregoing paragraphs.

45.

A person or municipality is liable under 42 U.S.C. § 1983 if the acts that violated a person's right were undertaken pursuant to the municipality's policies and customs.

46.

Defendant, Sheriff Eddie Soileau, directly caused the constitutional violations suffered by Plaintiffs, and is liable for the damages caused as a result of the conduct of the individual Defendants. The conduct of the individual Defendant officers was a direct consequence of the policies and practices of Evangeline Parish Sheriff.

47.

At all times relevant in this complaint, direct and proximate cause of the damages and injuries complained of were caused by policies, practices and /or customs developed, implemented, enforced, encouraged, and sanctioned by Evangeline Parish Sheriff, including the failure:

1. To adequately supervise and train its officers and agents, including individual Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers;

10

2. To properly and adequately monitor and discipline its officers, including individual Defendants; and

3. To adequately and properly investigate citizen complaints of police misconduct and instead, acts of misconduct were tolerated by the Evangeline Parish Sheriff. The Evangeline Parish Sheriff has acted with deliberate indifference to the constitutional rights of the Plaintiffs. As a direct and proximate result of the acts as stated herein by each of the Defendants, the Plaintiffs' constitutional rights have been violated.

48.

This failure to supervise, discipline, or control its officers demonstrates deliberate indifference to the constitutional rights of the plaintiff and is directly responsible for the individual defendants acting the way they did as outlined in this lawsuit.

49.

Further the de facto unwritten policy, procedure, or custom, described herein, demonstrates deliberate indifference to the constitutional rights of the plaintiff and is directly responsible for the individual defendants acting the way they did as outlined in this complaint.

50.

The Evangeline Parish Sheriff's supervision of the defendant officer, was deficient as it to relates to unlawful arrests and unlawful seizures. The Evangeline Parish Sheriff made a deliberately indifferent choice to not provide adequate supervision of these officers to ensure that such actions are not repeated, and that is exactly why these defendant officers were enabled and in fact emboldened to violate the plaintiff's Constitutional rights as outlined herein.

51.

As a proximate result of the unconstitutional acts and omissions of Evangeline Parish Sheriff, Plaintiff was harmed and suffered damages for his physical, mental, and emotional injury and pain, mental anguish, humiliation, and embarrassment.

52.

Further, the Evangeline Parish Sheriff has explicit unconstitutional policies including:

a) To detain people even though there is no reasonable suspicion or probable cause of criminal wrongdoing;

b) To seize people's property without a warrant, consent, reasonable suspicion of criminal wrongdoing, or any other lawful basis;

c) To retaliate against citizens for exercising their rights guaranteed by the U.S. Constitution.

53.

These policies directly caused the harm suffered by the plaintiffs in the instant action.

PRAYER FOR RELIEF

**WHEREFORE**, plaintiff, Christopher Breckeen, prays that a jury trial be had as to the issues triable by jury; that compensatory damages to be fixed by a jury against the defendants, individually, jointly and *in solido,* be awarded; that punitive damages to be fixed by a jury against the defendants, in their personal and/or individual capacity be awarded; that all costs of this action be assessed against the defendants, individually, jointly and *in solido*; that attorney's

fees be awarded herein to plaintiff and that such attorney's fees be assessed against the defendants, individually, jointly and *in solido*; and, for any and all other relief that this Court deems just and proper.

Respectfully submitted:

**L. CLAYTON BURGESS, A P.L.C.**
605 West Congress Street
Lafayette, Louisiana 70502-52 7050150
Telephone: (337) 234-7573
Facsimile: (337) 233-3890


s/L. Clayton Burgess
**L. CLAYTON BURGESS, T.A.** (22979)
Attorney for Plaintiff